



**FILED**
**Nov 05, 2021**
**07:30 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jeffrey Moore | ) | Docket No. 2020-05-1028 |
| | ) | |
| v. | ) | State File No. 63686-2020 |
| | ) | |
| Transforce, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

In this interlocutory appeal, the employee asserts the trial court did not have the opportunity to consider certain medical evidence during an expedited hearing. The employee does not allege in his notice of appeal or other filings that the trial court erred in any way in resolving the request for expedited hearing. Consequently, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Jeffrey Moore, employee-appellant, pro se

Stephanie Rockwell, Spring Hill, Tennessee, for the employer-appellant, Transforce, Inc.

### Memorandum Opinion[1]

Jeffrey Moore ("Employee") was employed by Transforce, Inc. ("Employer"), on September 23, 2020, when he injured his left shoulder while pulling on a fifth wheel locking handle. He was provided authorized medical care with Dr. Sean Kaminsky, who performed surgery to repair a left rotator cuff tear. After surgery, Employee missed one of his medical appointments due to transportation issues and contacted Dr. Kaminsky's office to explain his inability to appear and reschedule the appointment. Thereafter,

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

Employer chose to terminate benefits for medical noncompliance. When Employee declined to return to Dr. Kaminsky's office following the termination of benefits, a dispute arose as to Employee's entitlement to temporary disability benefits, and Employee filed a request for an expedited hearing.

Following the hearing, the trial court determined Employee was entitled to certain temporary partial disability benefits, and it concluded Employer's termination of benefits was "premature and unreasonable." Employer did not appeal the trial court's order; however, Employee filed a notice of appeal asserting that "significant medical findings [were] unavailable to [Employee] at the time of expedited hearing which were, therefore, unknown by the court."

As we have noted in the past, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or offer any substantive argument on appeal. *See, e.g.*, *Walton v. Averitt Express, Inc.*, No. 2015-08-0306, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *4-5 (Tenn. Workers' Comp. App. Bd. June 2, 2017). Employee has not explained how he believes the trial court erred in resolving any issue raised during the expedited hearing. After filing his notice of appeal, Employee submitted an email addressing discovery issues but made no meaningful argument regarding how the trial court purportedly erred. In short, Employee has made no argument in support of his appeal, and we decline to do so for him.

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

The trial court in this case resolved all issues raised during the expedited hearing, and Employee has not alleged any errors by the trial court. Given that Employee's case remains ongoing, he will have opportunities to present whatever additional medical evidence he wants the court to consider upon remand. For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jeffrey Moore | ) | Docket No. 2020-05-1028 |
| | ) | |
| v. | ) | State File No. 63686-2020 |
| | ) | |
| Transforce, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of November, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jeffrey Moore | | | | X | siegfried.123@live.com |
| Stephanie Rockwell Alexander Adkins | | | | X | stephanie@speed-seta.com alex@speed-seta.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov